NOT DESIGNATED FOR PUBLICATION

Nos. 116,849
116,850

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RYAN M. KLAWITER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed December 1, 2017. Affirmed.

*Adam D. Stolte*, of Stolte Law, LLC, of Overland Park, for appellant.

*Matt J. Maloney*, assistant district attorney, *Tim Carney*, legal intern, Marc *Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., MALONE, J., and MERLIN G. WHEELER, District Judge, assigned.


PER CURIAM: Ryan M. Klawiter appeals the district court's decision revoking his probation and ordering him to serve his modified sentences in two separate cases. Klawiter stipulated to committing new crimes and testing positive for methamphetamine while on probation, but he contends the district court abused its discretion in revoking his probation instead of ordering him into inpatient drug treatment. Finding no abuse of discretion, we affirm the district court's judgment.

1

In 13CR3473, Klawiter pled guilty to one count of aggravated assault and one count of misdemeanor criminal damage to property. On May 13, 2014, the district court sentenced Klawiter to 26 months' imprisonment for the aggravated assault conviction and to a six-month jail term for the criminal damage to property conviction and ordered the sentences to run consecutively. The district court placed Klawiter on probation for 24 months to be supervised by community corrections.

In 13CR3569, Klawiter pled guilty to one count of burglary and one count of misdemeanor battery. On May 13, 2014, the district court sentenced Klawiter to 26 months' imprisonment for the burglary conviction and to a 12-month jail term for the battery conviction. The district court ordered the sentences to run consecutively to each other and to any other cases. The district court placed Klawiter on probation for 24 months to be supervised by community corrections.

On January 6, 2016, the State filed a warrant alleging that Klawiter was in violation of his probation because he committed new crimes while on probation, including possession of methamphetamine and possession of drug paraphernalia, and because he tested positive for methamphetamine. At a hearing on March 14, 2016, Klawiter admitted to the allegations in the warrant, including the allegation that he committed new crimes while on probation. The district court found that graduated sanctions did not apply because Klawiter committed new crimes while on probation. The district court also found that Klawiter's drug use jeopardized the public safety because he frequently committed crimes while on drugs and, for the same reason, the district court found that Klawiter's welfare would not be served by intermediate sanctions. The district court revoked Klawiter's probation and ordered him to serve his prison sentences. However, the district court modified Klawiter's controlling sentence by running the misdemeanor sentences concurrent with the prison sentences. Klawiter timely filed a notice of appeal in each case. The cases have been consolidated on appeal.

On appeal, Klawiter acknowledges that the district court was not required by law to impose intermediate sanctions because he committed new crimes while on probation. Even so, he argues that "no reasonable person would have taken the view adopted by the trial court" when it revoked his probation instead of ordering him into inpatient drug treatment. Conversely, the State argues that the district court appropriately exercised its discretion in ordering Klawiter to serve a reduced sentence after he committed several probation violations, including the commission of new crimes.

The procedure for revoking a defendant's probation is governed by K.S.A. 2016 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

K.S.A. 2016 Supp. 22-3716 generally provides that once a defendant has violated the conditions of probation, the district court must apply graduated intermediate sanctions before the court can revoke probation and order the defendant to serve the sentence imposed. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). However, pursuant to K.S.A. 2016 Supp. 22-3716(c)(8), the court may revoke probation without having previously imposed an intermediate sanction if the offender commits a new felony or misdemeanor while on probation. Pursuant to K.S.A. 2016 Supp. 22-3716(c)(9), the court may revoke probation without having previously imposed an intermediate sanction if the court finds and sets forth with particularity the reasons for finding that the safety of the members of

3

the public will be jeopardized or that the welfare of the offender will not be served by such a sanction. Whether the district court's reasons are sufficiently particularized as required by statute is a question of law over which an appellate court has unlimited review. *State v. McFeeters*, 52 Kan. App. 2d 45, 48, 362 P.3d 603 (2015).

Here, Klawiter admitted to violating his probation on numerous grounds, including the commission of new crimes. As Klawiter acknowledges, K.S.A. 2016 Supp. 22-3716(c)(8) permits the district court to bypass intermediate sanctions because he committed new crimes while on probation. Likewise, the district court made "public safety" and "offender welfare" findings pursuant to K.S.A. 2016 Supp. 22-3716(c)(9), and Klawiter does not challenge the sufficiency of these findings on appeal. The district court's decision to revoke Klawiter's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Thus, we conclude the district court did not abuse its discretion in revoking Klawiter's probation and ordering him to serve his modified sentences.

Affirmed.